PHILLIP ANTHONY WILLIAMS v. STATE OF INDIANA.

[No. 275S45. Filed May 7, 1976.]

R. *Kent Witte,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with the first-degree murder of Robert Anderson. Trial by jury resulted in a verdict of guilty of second-degree murder. Appellant was sentenced to fifteen to twenty-five years imprisonment.

The record discloses the following evidence: On the evening of January 26, 1974, the decedent and the appellant attended a party along with several mutual friends. During the course of the party a fight occurred between one Jack Wilson, the decedent and one Daniel Holmes. After this incident occurred the appellant arrived and stated that he was going to whip both Holmes and the decedent because they had beat up on his friend Jack Wilson. Appellant then produced a baseball bat, whereupon the decedent threw a brick in the direction of the appellant. Appellant then got back in his car and stated he was going home and get his gun and, "I'm gonna kill you all." Shortly thereafter the appellant returned, got out of his car and shouted, "Hey, Bobby. Hey, Danny. . . . I'm gonna kill you." A shot was then fired by the appellant which struck the decedent in the head killing him.

Police officers arrived simultaneously at the scene and captured the appellant without incident. The decedent's thirty ought six rifle was found laying on the ground near his body. Witnesses to the two altercations which eventually lead to decedent's death were friends of the decedent and of the appellant. Testimony does not agree in the detail as to who said what and who did what at any particular time.

Appellant first contends that the verdict of the jury is not supported by sufficient evidence in view of the issue of self

defense. It is appellant's contention that he was without fault, was in a place where he had a right to be and that his action was a result of the immediate threat of danger of his person on the part of the decedent.

From the facts which were presented to the jury in this case, we would observe that he is in error on all three counts. He was at the party, had an altercation with the decedent and left. He had no duty to return. Nevertheless, he chose to arm himself and return with the stated purpose of killing the decedent. Although it was shown by the evidence that the decedent was also armed, it was he who had remained in a place where he had the right to be. It was the appellant who was approaching him, armed, with threats to kill. The jury could well find that if self defense was a factor at all, it was the decedent who was acting in self defense, not the appellant. This Court will not weigh the evidence. The verdict of the jury will be affirmed on appeal if there is substantial evidence of probative value to support the verdict. *Wright* v. *State,* (1972) 259 Ind. 197, 285 N.E.2d 650, 32 Ind. Dec. 151. We, therefore, hold the jury acted within the evidence presented in finding that the appellant was not acting in self defense.

Appellant also claims that several of the witnesses who testified for the State were not credible because they were shown to be friends of the decedent and that their testimony conflicted with testimony of other witnesses. There is no question that in this case, as in any other case involving a highly emotional situation, witnesses vary in their accounts of the occurrences.

Without going into the differences in the testimony of the various witnesses in this case, suffice it to say that the facts as above recited are well supported by evidence presented to the jury. The appellant has presented a lengthy brief giving many quotations from the record to demostrate the variance in the testimony. This conflicting evidence was presented to the jury. It is their prerogative

to believe whomever they choose and to disregard the testimony of witnesses they do not believe. This Court will not engage in the fact finding process. *Winston* v. *State,* (1975) 263 Ind. 8, 323 N.E.2d 228, 45 Ind. Dec. 733.

We find no reversible error in this record. The trial court is, therefore, affirmed.

All justices concur.

NOTE.—Reported at 346 N.E.2d 579.