GERALD WAYNE PHELPS *v.* STATE OF INDIANA.

[No. 675S140. Filed February 25, 1977.]

*John G. Bunner, Bunner, John & Heathcotte,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

HUNTER, J.—Gerald Phelps, hereinafter the defendant, was charged with rape and kidnapping. He was convicted in a jury trial and sentenced to life imprisonment. He appeals this conviction on various grounds of prosecutorial misconduct.

The prosecutrix was a dancer at a bar in Evansville. Shortly after midnight on March 27, 1974, she left her place of employment on foot. The defendant, who had met her earlier at the bar, drove up alongside her and offered her a ride home. The defendant did not take her to her destination. He forced her to commit fellatio and forcibly raped her in the back seat of his car. The prosecutrix escaped by jumping from the car. She called the police from a nearby home and soon thereafter identified the defendant at the bar where he was apprehended. The defendant admitted sexual intercourse but claimed it was consensual, not forcible.

## I.

During the voir dire of the prospective jurors, the prosecutor made the following response to a question of defense counsel:

> "I still object to that. It is he's presumed innocent. There's nothing in the law that says he's innocent, *or he wouldn't be here.*" [Our emphasis.]

The prosecutor's inference of guilt was recognized by the trial judge as not being the law and an admonishment to disregard the statement was given to the jury, although a motion for mistrial was overruled. Instructions were given the selected jury on the presumption of innocence and that an information is not evidence against the defendant.

The second alleged misconduct occurred when defense counsel sought to have the prosecutrix advised against volunteering

answers. The prosecutor responded that the witness had been punished enough and during the ensuing argument between counsel stated the witness had "a lot she cannot testify to out of fear." The jury was instructed to disregard the statements.

In both the above instances the trial judge recognized the impropriety of the prosecutor's remarks. The instructions and admonishments he delivered to the jury were sufficient to remove all possibility of harm from these statements. *DeHority* v. *State,* (1938) 215 Ind. 390, 19 N.E.2d 945.

The defendant objects to certain questions asked by the prosecutor during voir dire. The questions were, for example, whether a juror was suspicious of rape charges being fabricated, or whether a rape victim should resist to the point of death. " '[T]he ultimate function of voir dire is to explore the nuances of conscience to determine whether a prospective juror is able to participate fairly in the deliberations.' " *Robinson* v. *State,* (1973) 260 Ind. 517, 521, 297 N.E.2d 409, quoting 47 Am. Jur. 2d 786, *Jury,* § 195. This exploration is largely within the discretion of the trial judge. Where, as here, the questions were designed to sound the jurors' attitudes towards rape and the hypothetical questions did not suggest prejudicial evidence not adduced at trial, the trial judge did not abuse his discretion in permitting the questions.

## II.

The next alleged misconduct occurred during cross-examination of the defendant. When asked about statements he had made to the police, the defendant stated that he had requested a polygraph examination. The prosecutor asked if he had made this request upon the court or upon himself. A motion to strike was granted and the jury was admonished to disregard the statements concerning the polygraph, explaining that polygraphs are generally inadmissible. The defendant contends that the mere mention

of the word polygraph may be error, citing *Austin* v. *State,* (1974) 262 Ind. 529, 319 N.E.2d 130, *cert. den.* 421 U.S. 1012. That case found any error to be harmless where, upon prompt objection, the trial court struck the testimony and admonished the jury. Here, the testimony concerning a polygraph was introduced without objection. When objection was made, the testimony was struck and the jury admonished. This was sufficient to cure any harm.

## III.

On cross-examination of the defendant, the prosecutor asked:

"Well, do you think it might have been in your best interest to have told the police and the Prosecutor's Office this story you're telling this jury?"

An objection was made and sustained. A motion for mistrial was overruled. The jury was told, "He has no obligation to tell the prosecutor anything." Following *Doyle* v. *Ohio,* (1976) 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, we have held that "use of an accused's post-arrest silence to impeach his trial testimony is fundamentally unfair." *Jones* v. *State,* (1976) 265 Ind. 447, 355 N.E.2d 402, 404. In that case one of the defendants was asked over a dozen times why he had not told the police or the press of his innocence. The trial court permitted this questioning although admonishing the jury that the defendant was under no duty to speak. This admonishment was found insufficient to cure the harm.

An inquiry which seeks from the accused an explanation of his silence is an improper comment upon an accused's post-arrest silence. The inference is impermissible because, "[E]very post-arrest silence is insolubly ambiguous." *Doyle* v. *Ohio, supra,* at 49 L.Ed.2d 91, 97. This case is distinguishable, however, in that a prompt objection was sustained and an admonishment given. The prosecutor was not permitted to repeat the question and it was given

no sanction by the trial judge. Additionally, the defendant testified during the same sequence of questions that he had protested his innocence to the police on at least two occasions after his apprehension. The admonishment in this case was sufficient to cure the error of the prosecutor.

## IV.

In his closing argument to the jury the prosecutor made the following statement:

"Now, this case may be the most important thing you ever do in your lives for this community, and *I wouldn't ask anybody to send anyone to prison for life unless I thought it was richly deserved, and unless I thought it was necessary for this community.*" [Our emphasis.]

The defendant's objection was overruled by the court. He objects to the italicized portion of this statement. A prosecutor's statement is to be considered in the context of his entire argument. *Swope* v. *State,* (1975) 263 Ind. 148, 325 N.E.2d 193. It is improper for a prosecutor to express his personal opinion of the guilt of an accused where it is not based upon the evidence. *Rufer* v. *State,* (1976) 264 Ind. 258, 342 N.E.2d 856. Only if the statement is so prejudicial as to place the defendant in "grave peril" must the case be reversed. *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 312. The prosecutor's statement recited above was preceded in his argument by a comparison of rape with crimes of profit; he concluded that rape is "the most heinous that can be committed." In this light, the statement can be interpreted as meaning that rape is a serious crime deserving of a life sentence. However, it can also be read as the expression of a personal opinion. The statement is ambiguous and not commendable, but we do not believe that this statement was so prejudicial in its persuasive effect as to have placed the defendant in grave peril. *Maldonado* v. *State,* (1976) 265 Ind. 492, 355 N.E.2d 843.

## V.

Finally the defendant contends he was deprived of a fair trial. With this we do not agree. At nearly every point in the trial where the prosecutor sought to exceed the bounds of propriety, the trial judge halted him and delivered admonishments to the jury. As we have stated before, the defendant is entitled to a fair trial, but not a perfect one.

After having reviewed the entire record in this case, we believe it is apparent the prosecutor was constantly seeking to cloud the record with error and was only prevented from this accomplishment by an alert trial judge. We do not condone this variety of prosecutorial activity and an affirmance of this case is not to be considered as condonation of his ill-advised attempts.

The judgment is affirmed.

Givan, C.J., DeBruler and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 360 N.E.2d 191.