MICHAEL BEASLEY *v.* STATE OF INDIANA.

[No. 576S155. Filed December 16, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Ihor N. Boyko,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by grand jury with Second Degree Murder in the death of Fred Romig. He was convicted by a jury of Second Degree Murder and sentenced by the judge to life imprisonment. On appeal the defendant presents the following issues:

(1)  Whether the evidence was sufficient to sustain a verdict of guilty.

(2)  Whether the trial court erred in refusing to give defendant's tendered instructions, designated Nos. 1, 5 and 7.

(3)  Whether the trial court erred in admitting into evidence the defendant's prior record.

(4)  Whether the trial court erred in imposing a sentence of life imprisonment for Second Degree Murder, the jury having failed to specify the sentence in their verdict.

## ISSUE I

The defendant raises as his first error the sufficiency of the evidence upon which the verdict was based. The evidence as viewed most favorably to the State, includes the eyewitness testimony of three witnesses who stated that they saw the scuffle and beating of the decedent. Although none of the witnesses could positively identify the defendant as the assailant, each testified that he saw only two persons and that the attacker fit the general appearance of the defendant. Additional testimony was given by a police officer who placed the defendant in the neighborhood at the time of the murder. Defendant in his testimony, admitted to having been at the scene at the time of the murder and to having held one of the murder weapons, a lantern, in his hand. One fingerprint later taken from the lantern was identified as that of the defendant. The State's evidence and that of the defendant was irreconcilable in but one particular. The defendant testified that there was a third party present who attacked the decedent, whereas the State's eyewitnesses testified that they saw only the decedent and his assailant.

The standards used to determine the sufficiency of the evidence on review have been frequently and clearly stated by this Court as follows:

On appeal, this Court will not judge the weight of the evidence or the credibility of the witnesses. *Robinson* v. *State,* (1977) 266 Ind. 604, 365 N.E.2d 1218; *Rosell* v. *State,* (1976) 265 Ind. 173, 352 N.E.2d 750; *Lottie* v. *State,* (1974) 262 Ind. 124, 311 N.E.2d 800.

Further, in *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831, it was stated at p. 834:

> "When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed."

The defendant alleges that the inconclusive identifications of the defendant by the State's witnesses were insufficient evidence of his guilt. In support of his contention he cites *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658, for the proposition that such an uncertain identification is insufficient by itself to prove the defendant's guilt. In the instant case however, the identifications were not the only evidence brought forth at trial. Defendant's own words put him at the scene as one of the people present, and his fingerprint was found on the lantern with which the decedent had been struck. It has been held in previous cases that an identification can be made by the surrounding circumstantial evidence. *Ellis* v. *State,* (1969) 252 Ind. 472, 250 N.E.2d 364.

Although the defendant correctly contends that evidence sufficient only to establish a mere suspicion of guilt is not sufficient to support a conviction, *Thomas* v. *State,* (1958) 238 Ind. 658, 154 N.E.2d 503, we are not here faced with evidence so scant as that presented in *Thomas.* The evidence was such that a reasonable trier of fact could have found beyond a reasonable doubt that the defendant was guilty, and it was the prerogative of the jury

to believe that version presented by the State and to disbelieve that presented by the defendant. *Williams* v. *State*, (1976) 264 Ind. 441, 346 N.E.2d 579; *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228.

## ISSUE II

At the close of evidence defendant tendered certain instructions to the court, the refusal of which he now cites as error. Tendered instruction No. 1 advised the jury that two inconsistent but equally reasonable interpretations of the evidence must be resolved in favor of the defendant's innocence. Tendered instruction No. 5 informed the jury that if they should find that there had been an unlawful killing, but there was a reasonable doubt as to whether it was murder or manslaughter, then the defendant must be given the benefit of such doubt and a finding of manslaughter returned. Tendered instruction No. 7 stated in part, "An identification made by a stranger, without a sufficient opportunity to definitely fix features or characteristics, must be an opinion or conclusion of the identifying witness."

Although the court refused these instructions, Defendant was not prejudiced to any degree since the subject matter of 1 and 5 was covered in other instructions given by the court. As this Court has previously stated, the failure of a trial court to give a tendered instruction is not reversible error if the substance of the instruction is adequately covered in other instructions given by the court. *Bricker* v. *State*, (1976) 264 Ind. 186, 341 N.E.2d 502; *Hash* v. *State*, (1972) 258 Ind. 692, 284 N.E.2d 770. Specifically, the court's instructions Nos. 2, 3 and 4 informed the jury that manslaughter is a lesser included offense of second degree murder and that should the jury have any reasonable doubt as to the defendant's guilt of either the crime charged or any of its lesser included offenses, he must be acquitted.

Defendant's tendered instruction No. 7 could not have been properly given. We have previously stated that the trial court should not single out the testimony of any witness and attack its credibility or indicate an opinion as to the weight that should be accorded to it. *Hackett* v. *State,* (1977) 266 Ind. 103, 360 N.E.2d 1000; *Taylor* v. *State,* (1972) 257 Ind. 664, 278 N.E.2d 273; *Gayer* v. *State,* (1965) 247 Ind. 113, 210 N.E.2d 852.


## ISSUE III

During the course of the State's cross-examination of the defendant, the State asked the following:

"Q. Mr. Beasley, how many times have you been convicted of a felony?"

The defendant's attorney objected at this point on the grounds that such questioning was designed to prove the defendant's guilt and not to attack his credibility. The court overruled the objection and the cross-examination continued as follows:

"Q. How many times have you been convicted of a felony?
"A. At least twice.

"Q. Would you tell me about the first time?
"A. I went to Boy's School twice.

"Q. On May the 3rd, 1969 were you convicted of assault and battery with intent to commit murder?
"A. Yes, I was.

"Q. And were you sentenced?
"A. Yes, I was.

"Q. Were you sent to an institution?
"A. It was broken down as a misdemeanor.

"Q. Were you sent to an institution?
"A. Yes, I was.

"Q. To what institution?
"A. Indiana State Farm.

"Q. What was your other felony conviction?

"A. Burglary.

"Q. And were you sentenced?

"A. Yes, I was.

"Q. Do you know the date?

"A. No, I don't.

"Q. Were you sent to an institution?

"A. Boy's School."

Defendant objects on appeal to such line of questioning citing *Ashton* v. *Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210; and *Hensley* v. *State,* (1971) 256 Ind. 258, 268 N.E.2d 90.

In *Ashton,* this Court set out the proper criteria to be followed in impeaching a witness by his prior criminal record. In recognizing that all criminal convictions do not necessarily reflect upon the credibility of a witness, the Court held that convictions of only those crimes which would have rendered a witness incompetent (treason, murder, rape, arson, burglary, robbery, kidnapping, forgery and wilful and corrupt perjury) along with those involving dishonesty or false statement, are admissible to impeach a witness' credibility. In *Hensley* it was held to be reversible error to cross-examine a defendant concerning any arrests or charges brought against him but which had not been reduced to convictions.

Although the State's initial question concerning the defendant's convictions for any felonies may have fallen outside the limits set forth by *Ashton,* inasmuch as it encompassed felonies which cannot be used to attack credibility, the defendant suffered no prejudice as a result. The damage to the defendant arose, if at all, out of the defendant's unresponsive answer. He volunteered the information concerning his convictions for a misdemeanor in reply to questions seeking information regarding convictions for felonies.

The first question was improper because it was overly broad, calling for a revelation of any felony convictions,

rather than of those by which he could be properly impeached under *Ashton* v. *Anderson, supra.* However, the basis cited for the objection was not valid. An objection made to the admissibility of evidence must be correct, and an objection upon the wrong grounds preserves nothing for appeal. *McMinoway* v. *State*, (1973) 260 Ind. 241, 294 N.E.2d 803. In addition, the defendant was tried prior to the time that *Ashton* was decided, and the *Ashton* case does not have retroactive application. *Dexter* v. *State*, (1972) 260 Ind. 608, 297 N.E.2d 817.

By his brief, the defendant attempts to inject other issues predicated upon the above mentioned improper question, including the *Ashton* v. *Anderson* issue and prosecutorial misconduct in the mode of interrogation concerning prior conviction. Grounds for objection to the admissibility of evidence relied upon on appeal must be the same as those urged in the trial court. *Tyler* v. *State*, (1968) 250 Ind. 419, 422, 236 N.E.2d 815, 816; *Rector* v. *State*, (1971) 256 Ind. 634, 271 N.E.2d 452; *Jones* v. *State*, (1973) 260 Ind. 463, 296 N.E.2d 407. We do not agree that the error complained of rose to the stature of "Fundamental Error," which the defendant is entitled to have reviewed, under *Wilson* v. *State*, (1943) 222 Ind. 63, 51 N.E.2d 848 and related cases, although presented for the first time on appeal. *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498.

The testimony which concerned juvenile delinquency convictions can not be held to render the judgment reversible. Although it is widely recognized that such convictions are not admissible for the purpose of attacking the credibility of a witness, *Lineback* v. *State*, (1973) 260 Ind. 503, 301 N.E.2d 636, the information was volunteered in response to questions seeking information as to felony convictions. Additionally, the trial court properly struck the question and answer and admonished the jury to disregard them. It is presumed that such admonishments correct the

error. *Phelps* v. *State*, (1977) 266 Ind. 66, 360 N.E.2d 191; *Hudson* v. *State*, (1976) 265 Ind. 302, 354 N.E.2d 164; *Martin* v. *State*, (1974) 261 Ind. 492, 306 N.E.2d 93.

## ISSUE IV

Ind. Code 1975, 35-8-2-1 provides that the jury must assess the fine and fix the punishment in certain cases, one of which is second degree murder. In the case at bar, the judge imposed the maximum sentence of life imprisonment following the verdict by the jury. The defendant raises the above as error. The State suggests that the defendant's failure to object at the time of sentencing operates as a waiver of the error on appeal. Although the failure to object at trial will normally waive the error on appeal, such is not the case when the error is fundamental and apparent on the face of the record, such as an incorrect sentence. *Kleinrichert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822. In such an instance it will be considered for the first time on appeal.

However, such error can be rendered harmless by reducing the sentence to the minimum penalty in accord with *Fultz* v. *State*, (1976) 265 Ind. 626, 358 N.E.2d 123, where this Court stated that such a course would be fair to both the defendant and to the State, while at the same time saving the time and expense of a new trial.

We find no reversible error. The cause is remanded with instructions to reduce the sentence upon the second degree murder conviction to imprisonment for an indeterminate period of not less than fifteen (15) nor more than twenty-five (25) years.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 360.