**Eduardo COLON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 778S126.

Supreme Court of Indiana.

May 17, 1979.

William H. Walker, Jr., East Chicago, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of and sentenced accordingly for the following crimes: fifteen (15) years imprisonment for the commission of a felony while armed, to-wit: robbery, Ind.Code § 35–12–1–1 (Burns 1975), and life imprisonment for the infliction of injury in the perpetration of a robbery, Ind.Code § 35–13–4–6 (Burns 1975). He raises the following issues on appeal:

(1) Whether the statutes under which the defendant was convicted and sentenced were in effect at the time that the crimes were committed.

(2) Whether the trial court erred in sentencing the defendant for both the commission of a felony while armed and infliction of injury in the perpetration of a robbery.

(3) Whether there was sufficient evidence to sustain the jury's finding as to the charge of inflicting injury in the perpetration of a robbery.

During the evening of September 22, 1977, two men armed with sawed-off shotguns entered the Parrish Lounge in East Chicago. They robbed several of the bar's patrons and struck one of them in the head with a gun.

\* \* \* \* \* \*

ISSUE I

■ Defendant was charged on September 27, 1977, with armed robbery, Ind.Code § 35–12–1–1 and with infliction of injury during the perpetration of a robbery, Ind. Code § 35–13–4–6, both of which were repealed by Acts 1976, P.L. 148, § 24. Section 28 of that same law provided the effective date of the repeal to be July 1, 1977. The defendant contends that inasmuch as the acts which were the underlying basis of the

crimes with which he was charged, were committed subsequent to the effective date of the statutes' repeal, and since the savings clause of the new code preserved the right to prosecute only those crimes committed prior to July 1, 1977, there was a void as to the period between July 1, 1977 and October 1, 1977. However, he appears to have overlooked that the same act that extended the effective date of the new code also altered the savings clause to preserve "rights or liabilities accrued; * * * before October 1, 1977." (See Acts of 1977, Public Law 340, § 150.) *Also see Lohm v. State*, (1978) Ind.App., 380 N.E.2d 561.

### ISSUE II

■ The defendant was charged with the armed robbery of Milan Grozdanich, Martin Anguino and Peter Kalinic. He was further charged with inflicting injury upon Martin Anguino during the course of robbing him. He was convicted and sentenced on each count. On appeal he argues that the trial court erred in sentencing him on all counts, inasmuch as armed robbery is a lesser included offense of inflicting injury in the perpetration of a robbery.

The defendant fails to take into consideration that there were several victims involved in the events giving rise to the crimes for which he was committed. The robberies of Milan Grozdanich and Peter Kalinic were separate and distinct from the crimes committed against Martin Anguino. "The test for determining whether or not separate sentences may be imposed upon multiple counts is whether the offenses charged are themselves the same, not whether they all arose from the same criminal act or course of conduct." *Pruitt v. State*, (1978) Ind., 382 N.E.2d 150. As we have stated, since each offense charged required proof of additional facts which the other did not, the trial court did not err in imposing sentence upon each conviction. The matter has recently been decided in *Elmore v. State*, (1978) Ind., 382 N.E.2d 893.

### ISSUE III

The defendant challenges the sufficiency of the evidence to sustain his conviction of inflicting injury in the commission of a felony. He contends that the State failed to establish any connection between the victim, Martin Anguino, and himself.

■ When reviewing a claim of insufficient evidence, as a court of review, we will neither reweigh the evidence nor judge the credibility of witnesses. *Beasley v. State*, (1977) Ind., 370 N.E.2d 360. Rather, we will look only to that evidence most favorable to the State along with all reasonable inferences to be drawn therefrom in determining whether there is sufficient evidence upon each of the essential elements of the crime charged beyond a reasonable doubt. *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

■ Two individuals present at the time of the robbery identified State's Exhibit No. 7 as a photograph of the man who was struck by the defendant with a shotgun. The same photograph was later shown to two officers who testified that it depicted the victim, Martin Anguino, and the wound which he had received to the head. From the foregoing facts, we find that there was sufficient evidence to establish that the defendant struck Martin Anguino over the head during the course of robbing him.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.