Thomas Eugene BLACKBURN, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 177S10.

Supreme Court of Indiana.

June 20, 1979.

Max Cohen and Dawn E. Wellman, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of second degree murder and sentenced to imprisonment for a period of not less than fifteen (15) nor more than twenty-five (25) years. He asserts the following as error on appeal:

(1) The trial court's failure to give the defendant's tendered instructions Nos. 4 and 6.

(2) The trial court's failure to allow the defendant to voir dire a prospective juror concerning the consequences to the defendant of a verdict of not guilty by reason of insanity.

(3) The trial court's failure to grant the defendant's motion for mistrial based on prosecutorial misconduct.

\* \* \* \* \* \*

## ISSUE I

At the close of evidence, the defendant tendered the following instruction which was refused by the trial court:

"I further instruct you that if you find the defendant not guilty by reason of insanity, then the defendant shall continue to be detained in custody and shall not be released from custody until such time as the Court, based upon its own determination and further based upon additional proceedings which the Court shall conduct, makes a determination in this regard."

█ In place of the above instruction, the court gave final instruction No. 10 which was verbatim to that approved by this Court in *Lockridge v. State*, (1975) 263 Ind. 678, 338 N.E.2d 275, and stated that subsequent to the returning of a verdict of not guilty by reason of insanity, a mental competency hearing would be conducted to determine whether the defendant would be transferred to the care and custody of the Department of Mental Health for civil commitment proceedings. Although the given instruction does not place the same emphasis upon the retention of the defendant in custody throughout the proceedings as did the tendered instruction it was sufficient to inform the jury that the defendant would not automatically be released should they find him not guilty by reason of insanity. Where the substance of a tendered instruction is covered by other instructions given by the court, the refusal of the tendered instruction is not grounds for reversal. *Spaulding v. State*, (1978) Ind., 373 N.E.2d 165; *Beasley v. State*, (1977) Ind., 370 N.E.2d 360.

The defendant also asserts as error the trial court's refusal of his tendered instruction No. 6 which stated:

"After the presentation of the evidence by the State of Indiana and by the defendant, the Court called certain expert witnesses and examined these witnesses. You are instructed that the mere fact that the Court called the expert witnesses is not to influence you in any manner nor are you to give the expert witnesses called by the Court any greater credibility or belief simply because they were called and examined by the Court.

"The testimony of expert witnesses called by the Court is to be viewed and weighed in the same manner as the testimony of the other witnesses who testified during this trial."

█ Once again, the subject matter of the tendered instruction was covered in final instruction No. 5 which explained to the jury that they were not bound by medical labels, definitions or conclusions as to what constituted a mental disease or defect. They were further instructed to "consider the testimony of each witness in connection with the other evidence in the case and give it such weight as you believe it is fairly entitled to receive." As final instruction No. 5 adequately covered the subject of the credibility to give both lay and expert testimony, the court was not required to give the defendant's tendered instruction. In addition, instructions generally should not be worded in a manner which singles out the testimony of any specific witness. Rather, they should apply equally to all witnesses. *Beasley v. State, supra; Hackett v. State*, (1977) Ind., 360 N.E.2d 1000. The trial court did not err in refusing the defendant's tendered instructions.

## ISSUE II

During the voir dire examination of the jury, defense Counsel attempted to question the panel as to the post-acquittal consequences of a finding of not guilty by reason of insanity. The State's objections to the questioning were sustained by the trial court. On one such occasion, one of the jurors inquired of the court as to the rehabilitative procedures which would be followed subsequent to a finding of not guilty by reason of insanity. The court stated that it was not material to the jury's function as fact finders as to what would happen to the defendant after the trial, since their sole function was to determine the defendant's guilt or innocence. Defense counsel objected to the court's ruling on the grounds that it deprived him of the opportunity to inform the jury that should they find the defendant not guilty by reason of insanity he would not be automatically discharged.

■ It is not the function of jury voir dire examination to *"inform"* the prospective jurors of anything. Rather, it is to ascertain whether or not they can render a fair and impartial verdict in accordance with the law and the evidence. *Robinson v. State*, (1973) 260 Ind. 517, 521, 297 N.E.2d 409, 412.

■ Defendant has failed to cite any authority for his position or to present any legal argument as required by Appellate Rule 8.3(A)(7). Therefore, we will not treat the issue other than to say that it is without merit, inasmuch as the trial court fully informed the jury of the post-acquittal consequences in final instruction No. 10.

### ISSUE III

During its case in chief the defense called as witnesses, several doctors who testified that in their opinion the defendant did not have sufficient capacity to conform his conduct to the requirements of the law. Two court appointed physicians later testified that in their opinion the defendant was legally sane. In closing argument the Prosecutor made several comments that the physicians called by the defense had been hired to testify. At one point, the following statement was made:

"You have three (3) defense Doctors before you. I don't mean to imply that because they charge a dollar a minute that they're fixed, I don't mean to imply that whatsoever. These are men of good reputation. They are professional men just like Mr. Cohen and I are professional men. He and I are lawyers, we are admitted to practice before the bar of this State, or we would [sic] be here. That doesn't mean that we agree on everything does it. I think we had a couple of disagreements in the course of this trial. Who hires me, who hires him. Is it possible that an expert who is hired by a party might tend to favor the result that they want, they just might tend to and if you were to plainly accept the opinion of these experts who agree that experts disagree. Can't you see that any man can go out if he has got the money and hire

the experts to give him the opinion he wants."

Defense counsel requested that the court instruct the jury to disregard the statement or in the alternative to declare a mistrial. The court denied the motion for mistrial and gave the following admonishment:

"BY THE COURT:

"Motion have been heard, the Jury is admonished that Mr. Kowalski, at the beginning of this line of thought indicated that he was not suggesting that the witness in this case testified anything other than honestly and that they were, because they were retained by the defense does not mean that they did not testify honestly. They are professional and honorable men, is that correct Mr. Kowalski?

"BY MR. KOWALSKI:

"I would repeat it Your Honor. I am in no way suggesting that the opinion of the defense witnesses was anything but their honest opinion."

Later in his statement, the Prosecutor again made reference to the defense witnesses having been "paid to come here and give you the kind of opinion they did." Defense counsel's objection was sustained and the court again admonished the jury that there was no evidence that the witnesses had been hired for the purpose of coming to court to give an opinion. In an attempt to clarify his statements, the Prosecutor stated:

"I didn't say that if that's the intention I retract that statement. That's not the intention, they were hired by Mr. Cohen. The bill is going to Mr. Cohen. I in no way and I said it before, I will say it again, mean to imply that these witnesses were rigged or fixed, absolutely not. I happen to know these men and they are honorable men. No way would I do that. I suggest to you before that an expert might just tend to favor the cause by whom he was hired . . ."

■ The granting of a mistrial lies within the sound discretion of the trial court. His determination will be reversed

only where an abuse of that discretion can be established. *Thompkins v. State*, (1978) Ind., 383 N.E.2d 347; *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. In the instant case, defense counsel's objections to the Prosecutor's remarks were followed by prompt admonishments to the jury by the trial judge, who was in the best position to judge the effect of the statements. Such admonishments are presumed to cure any error which may have occurred. *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798. In addition, the Prosecutor explicitly stated that he had not intended to disparage the honesty of the witnesses by referring to the fact that they had been paid by the defendant. We find no abuse of discretion in the trial court's denial of the defendant's motion for a mistrial.

The defendant objects to an additional comment made by the Prosecutor in closing argument which consisted of the following:

"The Court will conduct the hearing to determine whether or not he should be transferred to the care and custody of the Department of Mental Health. What happens after that you weren't told. It's possible that he could walk the streets."

Once again, the prejudicial impact of the statement was best judged by the trial court who, although having overruled the defendant's objection, gave a curative instruction on the procedures to be followed should the jury find the defendant not guilty by reason of insanity. *See* Issue I. As the instruction was sufficient to dispel any erroneous views on this subject in the minds of the jury, we find no reversible error in the trial court's ruling.

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.