**Theodore McKENZIE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 979S258.**

Supreme Court of Indiana.

Oct. 8, 1980.

David Saks, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of attempted murder, Ind. Code § 35–41–5–1; 35–42–1–1 (Burns 1979) after a trial by jury wherein he interposed an insanity defense. The court sentenced him to twenty (20) years imprisonment. This direct appeal presents the following issues:

(1) Whether or not the trial court erred in denying a defense motion for mistrial, following certain unsolicited remarks made by the victim, while on the witness stand.

(2) Whether the court should have granted a mistrial when the State used the defendant's post arrest silence as proof of his sanity.

(3) Whether or not the prosecutor's reference to insanity as a technical defense in his closing argument constituted grounds for a mistrial.

\* \* \* \* \* \*

### ISSUE I

Officer Andrew Jury of the Gary Police Department testified that he and Officer Baker responded to a radio dispatch on the afternoon of April 23, 1978 directing them to an apartment building at 1953 Washington Street. There, inside an apartment, they found a room with a pool of blood covering half the floor.

Officer Jury heard a thud and screams. He observed a trail of blood leading to another apartment. There were blood smears all over the doorway of this apartment. Jury knocked, and the officers identified themselves. Upon receiving no response, he kicked the door in. He then saw the defendant with his arm around the victim's, Emzie Williams, neck. The defendant was striking Williams, a seventy–three year old man, with a golf club. Williams was soaked with blood.

The officers had their weapons drawn, and the defendant threw down the golf club, put his hands up, and said don't shoot me. Jury then placed him under arrest.

In addition of Officer Jury's account of the incident, the jury heard the victim's testimony. On the witness stand he was somewhat confused. Apparently he mistakenly thought he was on trial. He was annoyed and upset by the entire proceedings but did identify the defendant as the man who attacked him.

The defendant contends that the prosecutor availed himself of Mr. Williams to evoke sympathy from the jury. He posits that Williams' testimony was unnecessary in light of Officer Jury's testimony and that the prosecutor knew of Williams' propensities and used him to prejudice the defendant's insanity defense.

The defendant would have us analogize his case to the situation presented by the evidentiary harpoon discussed in *White v. State*, (1971) 257 Ind. 64, 76, 272 N.E.2d 312, 319, wherein we held that the harm resulting from the injection of inadmissible evidence could not be rectified by an admonition to the jury.

To overturn the trial court's denial of a motion for mistrial, the defendant must show that the error placed him in a position of grave peril to which he should not have been subjected. *Carman v. State*, (1979) Ind., 396 N.E.2d 344, 346; *Hill v. State*, (1979) Ind., 390 N.E.2d 167, 170; *Johnson v. State*, (1977) 265 Ind. 689, 695, 359 N.E.2d 525, 529; *Robinson v. State*, (1973) 260 Ind. 517, 520, 297 N.E.2d 409, 411; *White v. State*, (1971) 257 Ind. 64, 78, 272 N.E.2d 312, 320.

The harpoon concept is inapplicable to this record. *See Ayers v. State*, (1980) Ind., 400 N.E.2d 143, 145; *Grimes v. State*, (1972) 258 Ind. 257, 263, 280 N.E.2d 575, 578. *See also Bonds v. State*, (1972) 258 Ind. 241, 243–44, 280 N.E.2d 313, 315; *Powers v.*

*State*, (1978) Ind.App., 380 N.E.2d 598, 600. Mr. Williams' extraneous remarks about which the defendant complains were completely irrelevant to the incident about which he was called to testify. They in no way reflected upon the defendant's insanity defense. Neither is there any indication in the record that the prosecutor deliberately sought to elicit Williams' responses. *See York v. State*, (1978) Ind.App., 380 N.E.2d 1255, 1257. Indeed, the prosecutor was unexpectedly confronted with having to impeach Williams to get at the truth. We find no merit in defendant's contention.

### ISSUE II

██ The following exchange occurred at trial on the State's case in chief:

"Q. Officer Jury, after you read that card to the defendant, Theodore McKenzie, did you say anything to him?

"A. Yes, I did.

"Q. What was that?

"A. I asked him if he understood his rights.

"Q. And did he reply?

"A. Mr. McKenzie lifted up his head and said yeah."

The defendant objected to presenting this exchange as being an improper comment upon his silence and that he refrained from protesting his innocence.

Officer Jury further testified that, before being driven to the station, the defendant requested another person to contact his mother and tell her what happened and to tell her to bring a dollar down for cigarettes.

At no time was Officer Jury asked if the defendant protested his innocence. *See Jones v. State*, (1976) 265 Ind. 447, 355 N.E.2d 402. *See generally Vann v. State*, (1980) Ind.App., 407 N.E.2d 1165, 1169.

"The brief exchange between the State and the officer did not directly point out the defendant's invocation of his right to remain silent. There was no attempt made by the State to impeach the defendant with his silence or to force the defendant to explain away his silence." *Randolph v. State*, (1978) 269 Ind. ——, ——, 378 N.E.2d 828, 831. The record does not support the defendant's contention.

### ISSUE III

██ During the State's closing argument the prosecutor referred to affirmative defenses as "technical defenses" to crimes. Defendant objected to the use of the word "technical" and moved for a mistrial. He claims that the word disparaged the defense of insanity in general in the minds of the jurors and subjected him to grave peril.

We find no merit in this contention. *See Williams v. State*, (1980) Ind.App., 408 N.E.2d 123, 124–25. *See also Warner v. State*, (1976) 265 Ind. 262, 265, 354 N.E.2d 178, 181; *Horn v. State*, (1978) Ind.App., 376 N.E.2d 512, 517. *Cf. Phelps v. State*, (1977) 266 Ind. 66, 71, 360 N.E.2d 191, 194, *cert. denied*, (1977) 434 U.S. 844, 98 S.Ct. 146, 54 L.Ed.2d 110; *Washington v. State*, (1979) Ind., 390 N.E.2d 983, 987–88.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.