**Harry E. REID, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 1283S440.**

Supreme Court of Indiana.

Jan. 3, 1986.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Petitioner (Appellant) was convicted of second degree murder, Ind. Code § 35-1-54-1 (Burns Code Ed., 1975) and sentenced to life imprisonment. This Court affirmed the conviction. See *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149.

Subsequently, Petitioner filed several pleadings, one of which was styled a "Motion to Correct Erroneous Sentence," which the trial court below apparently, and properly, considered as a petition for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1. *See*, P.C.R. 1, §§ 1(a)(3), 1(a)(6). The petition was denied, and Petitioner now appeals.

We affirm.

Under the law in effect when Petitioner was convicted, the jury was required to fix the sentence for second degree murder. *See*, Ind. Code § 35-8-2-1 (Burns Code Ed., 1975). In this case the jury returned the following verdict form:

> "We, the Jury, find the defendant, Harry Edward Reid, guilty of the lesser included offense of murder in the second degree and *recommend* that he be imprisoned in the State Prison during life." (Emphasis supplied.)

Petitioner claims that the verdict form's language of "recommend," rather than "impose," "fix," "set" or a similar term demonstrates that the jury did not determine the sentence, and therefore the sentence was not imposed in accordance with Ind. Code § 35-8-2-1.

Petitioner relies on *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360. In *Beasley* the jury returned the following verdict form:

> "We, the Jury, find the defendant Michael Beasley, GUILTY, as charged in the indictment (sic) Second Degree Murder. That his true age is 20 years."

(*Beasley* Trial Record at 39) Thus in *Beasley* the verdict form returned by the jury not only did not assess the sentence, it did not even mention the subject, in which case we were at a loss to know what sentence the jury would have imposed. Accordingly, we determined that the sentence had not been imposed in accordance with Ind. Code § 35-8-2-1, and that the appropriate remedy would be the imposition of the minimum statutory sentence, 15–25 years imprisonment. Petitioner claims that he is entitled to the same relief here.

In this case, however, the use of the term "recommend" in the verdict form, if it occasioned any error at all, was an error of form only. We interpret the verdict to be a finding of guilty and an assessment of the penalty to be imposed. It remained for the trial judge only to pronounce sentence. Obviously, if the jury would "recommend" a sentence of life imprisonment, they would impose such sentence. This conclusion is buttressed by the fact that the jury had also been given an alternative verdict form "recommending" the 15–25-year sentence, the only other sentence authorized by law.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents without opinion.