ALFRED GODFREY, JR. *v.* STATE OF INDIANA

[No. 1-578A109. Filed October 3, 1978. Rehearing denied November 14, 1978. Transfer denied May 23, 1979.]

*Carl M. Gray, Thomas C. Gray, Gray, Stratton & Mahoney,* of Petersburg, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

ROBERTSON, J. — Defendant-appellant Alfred Godfrey, Jr., (Godfrey), appeals his jury conviction of voluntary manslaughter.[1] His sole allegation of error is that his constitutional protection against double jeopardy was violated.

This controversy stems from events occurring at Godfrey's first attempted trial, although he was ultimately convicted upon his third trial.[2] The case was initially assigned for trial on June 6, 1977. At that time and at the conclusion of voir dire examination, the trial court administered the oath to the jurors. At the close of the giving of the oath, two jurors remained standing and stated that they had not taken the oath and that they would suffer "real hardship" if they were to sit on

---

1. IC 1971, 35-13-4-2 (Burns Code Ed.). Repealed effective October 1, 1977.

2. A mistrial was declared following the second trial upon the jury's inability to reach a verdict.

the jury. Both jurors were excused by agreement of the parties. The following morning the trial court declared a mistrial and discharged the jurors that had been sworn, over the defendant's objection. In overruling the objection, the trial court stated that:

". . . I do not believe jeopardy has attached in this cause for the reason that some members of the putative panel were not sworn. However, I do believe that if I attempted to seat new persons in this jury as previously constituted this would in fact be a miscarriage of justice . . ."

Godfrey contends that jeopardy attached once the jury was sworn and that any questioning of a juror is improper unless and until the submission of the case to the jury has been set aside. Moreover, he argues that it was only agreed to excuse the two involved jurors and not the remainder of the panel, and, therefore, the trial court's proper course of action was to require the jury be resworn. The State replies that the entire jury was not sworn, and, thus, no jeopardy attached. Additionally, the State argues that the jury, as an entity, was dissolved with the discharge of the two jurors.

The issue which we must decide is twofold:   whether jeopardy had attached, and, if not, did the trial court abuse its discretion in declaring a mistrial and excusing the remaining jurors.

We find against Godfrey and, accordingly, affirm the conviction.

A defendant is placed in jeopardy when he is put on trial before a court of competent jurisdiction on an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. *Armentrout v. State* (1938), 214 Ind. 273, 15 N.E.2d 363. However, a defendant is not placed in jeopardy until the entire jury is sworn; *Illinois v. Somerville* (1973), 410 U.S. 458; *Downum v. United States* (1963), 372 U.S. 734. Consequently, one is not in jeopardy when the trial starts and one of the jurors has not been sworn. *State v. Smith* (1976), Wash.App., 551 P.2d 765; *State v. Herold* (1912), 68 Wash. 654, 123 P. 1076. In the case at bar, a complete jury was not sworn; only ten of the members had taken the oath. We therefore hold that jeopardy had not yet attached.

The question remaining is whether the defendant expressly or im-

pliedly consented to a withdrawal of the submission of the cause. "Where the trial court withdraws submission without the express or implied consent of the defendant, there must be shown a legal necessity for the withdrawal." *Maddox v. State* (1952), 230 Ind. 92, 103-104, 102 N.E.2d 225, 230. In the instant case, since an entire jury had not been sworn and thereby impanelled, the jury had not yet received the case for its consideration. There being no submission to the jury, it is necessary neither to follow the procedure outlined in *Maddox, supra,* nor to require the trial court to manifest a legal necessity. Rather, the issue becomes whether the trial court abused its discretion in overruling defendant's objection to the discharge of the remaining jurors and in declaring a mistrial. It has been said many times that the granting of a mistrial lies within the discretion of the trial court and will be reversed only for an abuse thereof. *Mitchell v. State* (1978), 268 Ind. 437, 376 N.E.2d 473; *Love v. State* (1977), 267 Ind. 302, 369 N.E.2d 1073. Examining a decision for possible abuse of discretion does not entail reweighing the evidence; this court may only consider evidence most favorable to the appellee. *Geberin v. Geberin* (1977), 172 Ind.App. 255, 360 N.E.2d 41. An abuse of discretion that would permit a reviewing court to overturn a trial court's determination is "an erroneous conclusion and judgment, one clearly against logic and effect of facts and circumstances before the court or reasonable, probable and actual deductions to be drawn therefrom." *Dunbar v. Dunbar* (1969), 145 Ind.App. 479, 483, 251 N.E.2d 468, 471.

Discretion of a court is a privilege allowed a judge within the confines of justice to decide and act in accordance with what is fair and equitable. Clearly, the judge in the case at bar was only concerned with such guiding principle:

> "However, I do believe that if I attempted to seat new persons in this jury as previously constituted, this would in fact be a miscarriage of justice and would cause imminent danger to these Defendants, jointly and severally, for the reason that I do not believe that this panel could proceed from this point to render substantial justice. . ."

Although it would have been beneficial to us if the trial court had stated specific reasons for its belief that such a miscarriage of justice

would occur, failure to do so is not fatal. However, had jeopardy attached, we would have a much different case.

Finding no abuse of discretion and no reversible error, we affirm the conviction.

Lybrook, P. J. and Young, J., concur.

NOTE—Reported at 380 N.E.2d 621.