James Murvel **ANDREWS,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 57A03–8801–CR–1.

Court of Appeals of Indiana,
Third District.

Oct. 19, 1988.

Frank J. Gray, Gray & Arata, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

A Noble Circuit Court jury convicted James Andrews (Andrews) of two counts of class B felony child molesting (counts I and II), three counts of class C felony child molesting (V, VI and IX), and six counts of class D felony incest (III, IV, VII, VIII, X, XI). The court sentenced Andrews to ten years imprisonment on count I, an additional five years on count V, and another five years on count X. The court also sentenced him to: (a) ten years on count II and two years on count IV, to run concurrent with the sentence for count I; (b) five years on count VI, two years on count VII, two years on count VIII, and two years on count IX, to run concurrent with the sentence for count V; and c) two years on count XI, to run concurrent with the sentence for count X. Andrews appeals his convictions. We affirm.

*Issues:*

Andrews raises eleven separate issues for review. They are as follows:

1) whether the trial court erred in denying defense counsel's challenges for cause of two prospective jurors;

2) whether the court erred in denying a defense motion for a judgment of acquittal offered on the ground that the State had failed to prove proper venue on counts X and XI;

3) whether the court erred in denying a defense motion for a judgment of acquittal offered on the ground that the State had failed to prove that Andrews engaged in any specific act of oral sex or intercourse with his daughter Therisa prior to her twelfth birthday;

4) whether the court erred in allowing rebuttal testimony by Andrews's former mother-in-law;

5) whether the court erred in denying a defense motion for a mistrial offered on the ground that the State improperly introduced testimony by Andrews's daughter Kimberly that Andrews had repeatedly touched her vagina, an act not charged in the information filed against Andrews;

6) whether the court erred in overruling a defense objection to a question asked by the State to defense witness Sandra Dewart concerning her opinion about Andrews's propensity for physically abusing his children;

7) whether there was insufficient evidence on which the jury could have found Andrews guilty of the charges against him;

8) whether the court erred in denying a defense motion to dismiss the State's amended information for failure to identify the precise dates on which the acts alleged in counts I through VIII occurred;

9) whether two erroneous statements made by the prosecutor in his closing argument constituted fundamental error, thereby necessitating reversal;

10) whether the court erred in refusing to give the defense's tendered instructions 3, 5, and 7 and in giving both its own instruction 15 and the

State's tendered instructions 6 and 8; and

11) whether the court erred in imposing consecutive sentences on counts I, V and X.

*Discussion and Analysis:*

Andrews's arguments and our analyses of those arguments are as follows:

■ 1) The trial court erred in denying defense challenges for cause of two prospective jurors. Andrews argues that the court should have dismissed for cause juror Robert Noe, an active police officer with the Albion Police Reserves, because to permit a police officer employed in the county wherein Andrews was prosecuted to sit as a juror at Andrews's trial was per se prejudicial. We disagree.

Our basis for review of a trial court's ruling on a defendant's challenge for cause is abuse of discretion. *Morgan v. State* (1981), 275 Ind. 666, 419 N.E.2d 964; *Atkinson v. State* (1980), Ind.App., 411 N.E. 2d 651. Further, we do not reweigh the evidence but consider only that evidence favorable to the appellee. *Godfrey v. State* (1978), 177 Ind.App. 644, 380 N.E.2d 621, *trans. denied.* Using this standard, we conclude that the trial judge acted well within his discretionary authority in determining that since; a) the duties of the police reserves in Albion are to provide crowd and traffic control at athletic events and parades, b) they have arrest powers only in connection with crowd disturbances and traffic violations, and c) juror Noe testified that his position as a reserve police officer would not prevent him from being impartial as a juror. Noe should not be removed for cause.

In an analogous case, *Porter v. State* (1979), 271 Ind. 180, 391 N.E.2d 801, the defense argued that the trial court had erred in refusing to remove for cause a juror who was a volunteer special deputy county sheriff. The Indiana Supreme Court disagreed, saying:

> There was no evidence presented to show that this juror had any interest or any feeling one way or the other about this case. We ... cannot say that the

court abused its discretion, after observing the interrogation of this juror, in overruling the challenge for cause directed to him. We do not find reversible error on this issue.

*Id.* 391 N.E.2d at 817. In this case, as in *Porter*, the challenged juror's link to the prosecution is so tenuous as to contain no implication of bias whatsoever, hence there is no evidence to suggest that the trial judge abused his discretion in denying the challenge of Mr. Noe.

■ Similarly, the trial judge acted reasonably in denying a defense challenge for cause of juror Deborah Ackerman, whose brother-in-law was a deputy sheriff. Like Noe, Ackerman possessed only a tenuous link to the prosecution, represented by a brother-in-law whom, according to her testimony, she seldom saw. Moreover, there was no evidence to indicate that Ackerman's brother-in-law was investigating this case (*cf. Woolston v. State* (1983), Ind., 453 N.E.2d 965, where the challenged juror's wife was an employee of the state police and had typed several evidentiary documents for the trial). Thus, Ackerman's link to the sheriff's department was too remote to support a presumption of bias in favor of the State. *Smith v. State* (1985), Ind.App., 477 N.E.2d 311. The court acted properly in denying a challenge of Ackerman for cause.

■ 2) The court erred in denying a defense motion for a judgment of acquittal offered on the ground that the State failed to prove proper venue on counts X and XI, which alleged the commission of incest with Laura Andrews at Ed Chapman's residence in Noble County when, in fact, that residence is located in Whitley County. We disagree.

IC 35-1.1-2-1(d) (Burns Repl.1979) states: "If the commission of an offense is commenced in one county and is consummated in another county, trial may be had in either of the counties." The record indicates that Andrews formed, in Noble County, the criminal intent to commit incest and that he transported the victim from Noble County to Whitley County the next day and

committed the offense. The victim testified that on her birthday, July 7, 1984, her father told her that he would give her a present the following day, but that she would not be able to receive it until she and her father were alone. On July 8, Andrews told her that he wanted her to accompany him to Ed Chapman's farm, as he had to help Chapman with farm work. She accompanied him to the Chapman farm where they had intercourse in the barn.

Andrews's actions in telling his daughter, whom he had a history of molesting, that he planned to give her a birthday present the following day, when they were alone, and in driving her the next day to a secluded locale, where they had intercourse, comprise a single chain of events. The conversation that occurred in Noble County between Andrews and the victim was integrally related to the incest that occurred the next day in Whitley County. "Recent cases have shown that when the various acts which comprise the crime are part of the 'single chain of events,' the charge may be brought in the county where the acts began or ended. *Osborne v. State* (1981), Ind., 426 N.E.2d 20; *French v. State* (1977), 266 Ind. 276, 362 N.E.2d 834; *Spoonmore v. State* (1980), Ind.App., 411 N.E.2d 146." *Sears v. State* (1983), Ind., 456 N.E.2d 390, 391.

In reaching this conclusion, we reject Andrews's argument that the State failed to show that he used any force or coercion in transporting the victim to Whitley County. Although Andrews did not abduct the victim, he possessed the power over her that a parent customarily possesses over a child and that commonly causes a child to accede to the parent's wishes. Moreover, the record indicates that Andrews had threatened to kill her if she revealed his incestuous behavior and that she believed he would indeed kill her under those circumstances because he had always carried out his threats of physical punishment in the past.

We conclude that Noble County was a proper venue in which to try Andrews on counts X and XI.

3) The court erred in denying the defense's motion for a judgment of acquittal, which had been offered on the ground that the State failed to prove that Andrews had engaged in any specific act of oral sex or intercourse with another victim prior to her twelfth birthday. We disagree.

The State presented sufficient evidence for the jury to find that Andrews did indeed engage in oral sex and intercourse with this victim prior to her twelfth birthday, thereby warranting his conviction for class B felony child molesting. The girl testified that Andrews engaged in these acts with her, at least weekly, from early in 1979 until February of 1985. She also testified that these acts occurred both before and after her twelfth birthday.

In light of this evidence, a directed verdict of acquittal was unwarranted in this case.

A directed verdict of acquittal can only be given where there is a total lack of evidence on some essential issue, or where the evidence is susceptible of only one inference, and that being in favor of the accused.

*Carroll v. State* (1975), 263 Ind. 696, 338 N.E.2d 264, 272. Such is not the case here.

Moreover, the general standard of review in this state regarding sufficiency of evidence in criminal cases has long been that

[i]f there is substantial evidence of probative value from which the jury could have inferred guilt, the conviction will stand. A verdict on which reasonable men might differ will not be set aside. It is only where no reasonable man could find that the evidence presented proves the accused guilty beyond a reasonable doubt that a verdict is not sustained by sufficient evidence. *Phelps v. State* (1983), Ind.App., 453 N.E.2d 350; *Covington v. State* (1975), 262 Ind. 638, 322 N.E.2d 705; *Hutchinson v. State* (1967), 248 Ind. 226, 225 N.E.2d 828.

*Walters v. State* (1986), Ind., 495 N.E.2d 734, 736.

Applying the above standards, we conclude that the State presented sufficient evidence of probative value to prove that

Andrews had oral sex and intercourse with this victim prior to her twelfth birthday and that the trial court properly denied his motion for a judgment of acquittal.

4) The court erred in permitting rebuttal testimony by Andrews's former mother-in-law. Andrews argues that Mrs. Dorothy Eichman's testimony that, in 1974, Andrews had propositioned her while he was married to her daughter was of no probative value due to its remoteness in time. He further contends the testimony was improper because it permitted impeachment on a collateral matter. *See, e.g., Hudson v. State* (1986), Ind., 496 N.E. 2d 1286.

When faced with an objection to the admission of evidence on grounds that that evidence is too remote, a trial court has wide discretion concerning its exclusion. *Bryan v. State* (1983), Ind., 450 N.E.2d 53; *Allen v. State* (1982), Ind., 431 N.E.2d 478; *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348; *Austin v. State* (1974), 262 Ind. 529, 319 N.E.2d 130, *cert. denied* 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680. The decision whether to exclude evidence as remote will be reversed on appeal only when an abuse of discretion is clearly demonstrated. *State v. Lee* (1949), 227 Ind. 25, 83 N.E.2d 778; *Shaw v. Shaw* (1973), 159 Ind.App. 33, 304 N.E.2d 536. Moreover, although the passage of a substantial amount of time between the events testified to and trial may well diminish the weight of such evidence, it will not, in and of itself, render that evidence inadmissible. *Id.* In this case, the trial court acted well within its discretion in admitting Mrs. Eichman's testimony into evidence, thereby enabling the jury to assess its weight.

The second objection presents a nicer question. Indiana follows the rule that a witness may not be impeached on collateral matters. The justifications normally given for the rule are that it saves judicial time and, more importantly, is necessary to avoid confusing the jury with an interminable multiplication of the issues.

The determination of when a matter is collateral is made on the basis of whether the offering party would be entitled to prove it as a part of his case apart from the contradiction it supplies. *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333. While this determination is sometimes phrased as whether the party could introduce the evidence as part of his case-in-chief, that terminology is too narrow. The question is whether the evidence is properly admissible for any purpose independent of the contradiction of the prior witness. IIIA Wigmore, Evidence (Chadbourn Revision) § 1022.

Here, during his defense, Andrews presented evidence of his general good moral character. When he did so the law permitted the state to offer evidence of his bad character, and it could do so by producing evidence of specific bad acts. *Jackson v. State* (1977), 267 Ind. 62, 366 N.E.2d 1186, *cert. denied* 435 U.S. 975, 98 S.Ct. 1623, 56 L.Ed.2d 69 (1978).

Thus, in *Jackson* the court held this to be an independent ground for admissibility of evidence that defendant had previously threatened another foreman, even though the evidence also served to impeach Jackson's testimony.

*Jackson* controls here. Since the evidence was relevant to dispute Andrews's claim of good moral character and was admissible as a specific prior bad act, it was not objectionable because it also impeached Andrews's testimony denying that he had made an advance to Mrs. Eichman.

5) The court erred in denying a defense motion for a mistrial offered on the ground that the State introduced testimony by another daughter concerning incestuous acts by her father that were not charged in the information filed against him. We disagree.

Although evidence of prior criminal activity by a defendant other than the specific activity charged is generally not admissible on the question of guilt, such evidence is now regularly admitted in cases of child molestation, incest, sodomy, etc. in order to prove that the defendant possesses a "depraved sexual instinct." "[T]his court has allowed evidence of prior convictions for similar offenses to be admitted as tending

to show a depraved sexual instinct when sodomy or incest is involved. *Daniels v. State* (1980), [274] Ind. [29], 408 N.E.2d 1244; *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632; *Austin v. State* (1974), 262 Ind. 529, 319 N.E.2d 130." *Montgomery v. State* (1980), 274 Ind. 544, 412 N.E.2d 793, 796. "Such similar crimes often show intent, motive, purpose, identification or a common scheme or plan." *Id.*

"The rationale for the exception to the usual exclusion of the evidence is to bolster the credibility of the prosecuting witness in a situation where the accusations or the acts standing alone seem improbable, or where the acts are crimes *in continuando* in nature and it is highly probable similar acts have occurred before or will occur after. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691. These elements are particularly prevalent in cases involving incest, sodomy or child molesting. Thus, application of the exception to permit admission of the evidence only in prosecutions for these crimes is understandable."

*Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451, 455.

The testimony of this witness falls squarely within the parameters of the "depraved sexual instinct" exception. Her statements indicating that her father regularly touched her vagina demonstrated a common scheme of incestuous behavior on the part of her father, especially since his sexual interaction with the girl's older sisters had commenced with vaginal touching.

It is immaterial that the sexual acts about which she testified were not identical to those that Andrews was charged with engaging in. We have stated that "a *similar* sex offense is all that is required, not a duplicate performance. Similarly, it is apparent that the similar illicit relations need not be confined to the prosecuting witness, but may include other witnesses." *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249, 262.

Under these circumstances, the trial court acted correctly in admitting the testimony of this witness and in denying the defense's motion for a mistrial.

6) The court erred in overruling Andrews's objection to the State's questions to defense witness Sandra Dewart concerning her knowledge of Andrews's propensity for physically abusing his children and her belief regarding the likelihood of such a propensity. Andrews points out that the State asked Dewart if she thought that Andrews would physically abuse his children and if she had ever witnessed him abusing them. She answered that she didn't know if Andrews would physically abuse his children and that she had never witnessed him abusing them. The State then asked Dewart a second time whether she thought Andrews would abuse his children, whereupon defense counsel objected that the question had already been asked and answered. The court agreed but nonetheless permitted the question to be asked a second time.

Andrews has waived his right to raise this issue on appeal because, at trial, he objected to the question concerning his potential for physically abusive behavior by arguing that it had been asked and answered whereas, on appeal, he argues instead that the question was irrelevant and inadmissible because it tended to show that Andrews committed another offense separate and distinct from the offenses for which he was on trial. *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088; *Grimes v. State* (1972), 258 Ind. 257, 280 N.E.2d 575. "Grounds for objection to the admissibility of evidence relied upon on appeal must be the same as those urged in the trial court. *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407; *Rector v. State* (1971), 256 Ind. 634, 271 N.E.2d 452; *Tyler v. State* (1968), 250 Ind. 419, 236 N.e.2d 815." *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360, 364.

Even assuming, arguendo, that Andrews had not waived his right to raise this issue, the State would prevail because Andrews made no showing that Dewart's testimony was prejudicial to him. Dewart, after all, clearly pointed out that she did not know if Andrews was the type of person who would be likely to physically abuse his children.

7) There was insufficient evidence on the basis of which a jury could have found Andrews guilty of the charges against him. Andrews argues that the testimony of the two victims failed to specify dates, times and places of incestuous behavior on his part and that their allegations do not comport with the large size of his household, the considerable amount of overtime work he performed and his active involvement in bowling and in coaching softball. We reject these arguments.

When sufficiency of the evidence supporting a criminal conviction is challenged on appeal, we apply a narrow standard of review. We neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Arthur v. State* (1986), Ind., 499 N.E.2d 746; *McMurry v. State* (1984), Ind., 467 N.E.2d 1202.

*Maynard v. State* (1987), Ind., 513 N.E.2d 641, 643.

In this case, there was substantial evidence from which a reasonable inference of guilt beyond a reasonable doubt could be drawn.

"The victim[s] gave testimony as to the sexual acts which occurred during these encounters. [They] indicated the places where these acts occurred. Although [they] did not give exact dates of all occurrences, [they] gave testimony indicating approximate time frames by reference to other activities."

*Phillips v. State* (1986), Ind.App., 499 N.E.2d 803, 806.

Contrary to Andrews's contention, the testimony of the victims was not uncorroborated; indeed, the testimony of each daughter corroborated the testimony of the other because each testified that she assumed the other was being molested, as their father would make the same excuses in order to be alone with each. Moreover, their brother, James, corroborated their testimony when he testified that he had seen each of them apparently sweating or crying while leaving their father's bedroom.

Just as the testimony is not uncorroborated, neither is it inherently improbable, as Andrews asserts. We do not find it incredible that Andrews found time in his day for overtime work, recreation, community involvement, a normal sex life with his wife and incestuous activities with his daughters. "When faced with a claim of inherently improbable or incredibly dubious testimony, the court on review will only reverse when no reasonable person could believe it. *Shippen v. State* (1985), Ind., 477 N.E.2d 903. Such discrepancies go to the weight of the evidence and the credibility of the witness and, as a result, are beyond our review." *Walters v. State* (1986), Ind., 495 N.E.2d 734, 736–37. As the testimony of the victims was neither "inherently improbable" nor "incredibly dubious," we find that that testimony presented sufficient evidence from which a jury could reasonably infer guilt beyond a reasonable doubt.

8) The court erred in denying Andrews's motion to dismiss the State's amended information for lack of specificity. Andrews argues that because the court did not require the State to plead a particular date or dates in counts I through VIII of the information, he was unable to raise an alibi defense. We disagree.

The trial court acted correctly in denying Andrews's motion because the information that the State filed against Andrews was sufficiently specific to adequately inform him of the charges against him, thereby enabling him to raise an alibi defense.

In *Thurston v. State* (1985), Ind., 472 N.E.2d 198, another child molestation case in which the defendant claimed that the vagueness of the State's charges prevented him from establishing an alibi defense, but in which the trial court found that the defendant had engaged in frequent sexual activity with the victim, the Indiana Supreme Court stated:

It would not be practicable in a case like this to confine the State to a more specific time in its proof. We do not see how the prosecution could have done a better job of pinpointing the time of the offense or how the defendant was rendered unable to prepare a defense to the charge.

*Id.* at 201. In other cases of this type, we have found legally sufficient an information charging incestuous intercourse from "on or about the fifth day of December, 1970 to on or about the fifth day of September, 1973." *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249, 256, and another charging "child molesting occurring between February 15 and March 1, 1985." *Phillips v. State* (1986), Ind.App., 499 N.E.2d 803, 804.

Similarly, we conclude in this case that the State's amended information, which charged in counts I—VIII that Andrews had intercourse and oral sex with one victim "between August 1, 1980 and September 29, 1980" and "between September 30, 1980 and November 30, 1980," was legally sufficient to inform Andrews of the charges against him and to enable him to raise an alibi defense.

Besides comporting with established precedent, the State's information satisfies the requirements of IC 35-34-1-2(a)(5) and 35-34-1-2(a)(6). The former states that an information "shall be in writing and allege the commission of an offense by stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense." The latter repeats the writing requirement and also states that the information must "allege the commission of an offense by stating the time of the offense as definitely as can be done if time is of the essence of the offense." In this instance, the challenged information stated the relevant dates with sufficient particularity to show that the offenses charged were committed within the applicable limitations period and that they commenced prior to the girl's twelfth birthday.

■ 9) The prosecutor made two erroneous statements during his closing argument that constituted fundamental error, necessitating reversal. Andrews points out that the prosecutor said that Kara, Andrews's daughter from his second marriage, was, in fact, not his child and that all of Andrews's children from his first marriage had been returned to the custody of their mother prior to Memorial Day weekend, 1985.

Andrews has waived his right to raise this issue on appeal. "No mention was made at trial on the grounds appellant asserts before us on appeal. Therefore, the issue has been waived." *Bell v. State* (1977), 267 Ind. 1, 6, 366 N.E.2d 1156, 1159. Failure to raise a proper objection at trial will constitute waiver of error, unless it can be shown that waiver would deny fundamental due process. *Randolph v. State* (1978), 269 Ind. 31, 378 N.E.2d 828; *Bobbitt v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193. "Fundamental error is a clearly blatant violation of basic and elementary principles. The harm or its potential must be substantial and appear clearly and prospectively from the record. *Reynolds v. State* (1984), Ind., 460 N.E.2d 506." *Gosnell v. State* (1985), Ind., 483 N.E.2d 445, 447. Because the prosecutor's misstatements did not cause Andrews substantial harm or even threaten to do so, there was no fundamental error here, hence the issue is waived for failure to raise a proper objection at trial.

■ 10) The court erred in refusing to give the defense's tendered instructions 3, 5, and 7 and in giving its own instruction 15 and the State's tendered instructions 6 and 8. We disagree.

Defense instruction 3 stated that if a conclusion of guilt as well as a conclusion of innocence could be drawn from the evidence, the jurors should reach the latter conclusion. Instruction 5 stated that jurors should use their common sense in determining whom to believe and that they should not permit the number of witnesses called to testify on a particular issue to influence their conclusions regarding the truthfulness of testimony. Instruction 7

stated that reasonable doubt might arise in the minds of jurors and that if it does, they should find the defendant not guilty.

This court has stated:

In reviewing a tendered instruction which has been refused, it is necessary to determine whether the instruction correctly states the law, whether there is sufficient evidence in the record to support the giving of the instruction, and whether the substance of the disputed instruction is covered by other instructions which were given. *Beck v. State* (1981), Ind.App., 414 N.E.2d 970.

*Shanholt v. State* (1983), Ind.App., 448 N.E.2d 308, 318. In this case, the only issue is whether the content of the tendered instructions was covered by instructions that the court actually gave to the jury. We conclude that it was so covered. Both tendered instruction 3 and final instruction 13 apprise jurors of the reasonable doubt standard in criminal law. Both tendered instruction 5 and final instructions 14 and 15 inform jurors that they are the judges of witness credibility and that they should use their common sense in making such judgments. These particular instructions are also comparable in that they tell jurors to take a witness's motives, possible bias, and conduct while testifying into account when judging the truthfulness of that witness's testimony. Both tendered instruction 7 and final instruction 12 inform jurors about the presumption of innocence and the reasonable doubt standard. Because the substance of the tendered defense instructions that the court refused was addressed in the court's final instructions, the court did not commit error in refusing the three tendered instructions or in giving final instruction 15.

■ We also reject Andrews's challenge to the State's tendered instructions 6 and 8, which the court gave as final instructions 19 and 20, respectively. Andrews argues that final instruction 19 improperly characterizes all child victims as having greater difficulty than adults in remembering dates and incidents, thereby permitting the jury to evaluate the testimony of children according to different stan-dards. That instruction informed the jurors that they should weigh a child victim's inability to recall the precise dates and times of sexual offenses along with the other available evidence, but that the child's failure to recall dates and times does not make the child's testimony inadmissible or unusable. Andrews also argues that there was no evidence to support the giving of final instruction 20, which states that a crime begun in one county, but completed in another can be prosecuted in either.

The Indiana Supreme Court has stated:

The giving of jury instructions lies largely within the trial court's discretion and any error in a particular instruction will not warrant a reversal unless the error is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Daniels v. State* (1980), [274] Ind. [29], 408 N.E.2d 1244; *Coonan v. State* (1978), 269 Ind. 578, 382 N.E.2d 157, *cert. denied* (1979), 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. Moreover, any error in the giving or refusing of an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Battle v. State* (1981), [275] Ind. [70], 415 N.E.2d 39.

*Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. Final instructions 19 and 20 satisfy this standard. Neither instruction contains error sufficient to produce a misleading charge to the jury. Any error that either or both might contain is harmless for, as we stated earlier, a conviction is clearly sustained by the evidence in this case and the jury could not properly have concluded otherwise.

Other grounds also support our conclusion. Final instruction 19 comports with our decision in *Puckett v. State* (1982), Ind.App., 443 N.E.2d 77, 78, where we stated that "a witness's inability to testify as to the precise dates and times of prior sexual occurrences goes to the weight rather than the admissibility of such testimony in sex cases." Moreover, this instruction does not, as Andrews argues, violate the

rule of *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360 that the trial court should not single out the testimony of any witness for attack regarding its credibility. This rule does not state, as Andrews asserts it does, that the court may not mention a particular witness or group of witnesses in an instruction. Rather, it states that the court, in giving an instruction, may not attack the credibility of a particular witness's testimony or opine as to the weight that should be given to that testimony. *Beasley, supra,* 370 N.E.2d at 363. Final instruction 20 comports with the conclusion that the Indiana Supreme Court has reached in several cases and that we reached earlier in this opinion, namely, that when the various acts that comprise a crime occur in different counties but are part of a single chain of events, the charge may be brought either in the county where the crime commenced or in the county where it ended. *See* pp. 363–64, *supra.* There was sufficient evidence, therefore, to support the giving of this instruction.

■■■ 11) The court erred in imposing consecutive sentences on counts I, V and X. Andrews argues that the court erred by failing to take into account two mitigating circumstances, namely, that Andrews was likely to respond positively to probation or short-term imprisonment, and that long-term imprisonment was likely to result in undue hardship to Andrews and his dependents, including the victims. We disagree.

A trial court has judicial discretion to aggravate or mitigate a sentence from the statutory prescription. *Spinks v. State* (1982), Ind., 437 N.E.2d 963. However, in imposing an increased or consecutive sentence, the record must show a consideration by the judge of the facts of the specific crime, and the relation of the sentence to the objectives to be served by that sentence. *Smith v. State* (1986), Ind., 491 N.E.2d 193. The court may use the same factor to aggravate a sentence and to order consecutive sentences. *Hedrick v. State* (1982), Ind., 430 N.E.2d 1150.

*Simmons v. State* (1987), Ind., 504 N.E.2d 575, 582.

In this case, the trial court satisfied the *Simmons* standard by stating its reasons for imposing consecutive sentences and by weighing an aggravating factor against a mitigating factor. The court stated that it imposed consecutive sentences because: a) two daughters were involved; b) the eleven charges against Andrews represented separate acts; c) the acts at issue continued through several stages of the victims' lives; and d) concurrent sentences would depreciate the seriousness of these offenses, a consideration that outweighed the fact that Andrews lacked a criminal history.

Thus, the imposition of consecutive sentences on counts I, V and X was eminently reasonable and those sentences will stand. The Indiana Supreme Court has said:

We will not revise a sentence authorized by statute unless such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Freed v. State,* (1985), Ind., 480 N.E.2d 929.

*Simmons v. State, supra,* at 582.

We conclude that the trial court committed no reversible error and we therefore affirm James Andrews's convictions on all counts.

AFFIRMED.

STATON and NEAL, JJ., concur.