**Christopher J. CRAWFORD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S00–8801–CR–142.**

Supreme Court of Indiana.

March 8, 1990.

John P. Brinson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

A jury trial resulted in the defendant's conviction of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years, twelve (12) years to be executed and three (3) years of probation. He also was found guilty of Theft, a Class D felony, for which he received a sentence of four (4) years, the sentences to run concurrently.

The facts are: On April 27, 1987, the defendant and Steven Key were visiting Timothy Burkstead in Burkstead's apartment. Defendant suggested that they burglarize the apartment across the hall. Burkstead acted as lookout while defendant and Key forced open the door to Renetta Boyd's apartment.

They removed her television set, videocassette recorder, and a stereo system, which included two speakers. The men loaded the items into Burkstead's car. Burkstead drove them to defendant's girlfriend's apartment where they stored the stolen equipment.

Later, defendant sold the stereo system to Ivan Irvin. Irvin and defendant then took the stereo to the home of Irvin's sister, Shirley Bell. Bell awoke from a nap, spoke briefly with the two men, then returned to sleep. Subsequently, Officer Cook recovered the stereo system and in so doing showed Bell two photographs, one of her brother and one of defendant. She identified the photograph of defendant as the man who was with her brother when the stereo was brought to her apartment. Bell also identified defendant in court.

I.

Defendant claims the trial court erred in sustaining the State's objection to a question asked of Irvin on cross-examination. During the cross-examination, defendant's counsel was delving into the fact that Irvin himself had been guilty of accepting stolen property, which fact Irvin acknowledged. He also was asked if he had been charged with the crime, to which he stated that he had not. Counsel then asked the question, "Do you know of any reason why you haven't been charged with this offense?" At this time, the State objected on the ground this called for an opinion of the witness. The trial court sustained the objection.

Defendant contends the court erred because had the witness been allowed to answer the question, it would have disclosed his bias and demonstrated that he had received favorable treatment in exchange for his testimony. We see no merit to this claim. The trial court had permitted a thorough interrogation of Irvin regarding his conduct and the fact that he had not been charged.

The only question in this cross-examination to which the State objected was the one set out. It is obvious that the objection was well taken and that the court's ruling was correct. The ruling in no way withheld the information from the jury that Irvin in fact was subject to charge and that he had not been charged. This was ample evidence to advise the jury of his possible interest and bias in testifying. No error occurred in sustaining the State's objection to the question.

II.

Defendant claims the trial court erred in permitting Shirley Bell to identify defendant in the courtroom. He bases this claim on the fact that at the time the stereo system was recovered from Bell's apartment the police officer showed her a single photograph of defendant. He contends that this was an improper photographic display, which in turn was the basis for her in-court identification.

It is true that one-person photographic lineups have been held to be impermissibly suggestive. *Dorsey v. State* (1986), Ind., 490 N.E.2d 260. However, we also have held that whether the one-photographic lineup constitutes reversible error must be determined upon the totality of the circumstances. *Henson v. State* (1984), Ind., 467 N.E.2d 750.

In the case at bar, Bell had been in her own home when her brother entered with defendant and the stereo system. She had ample opportunity to view him and to con-

verse with him in an unstressed situation. When she was shown his photograph by the police officer, she had no hesitancy in identifying him. There is ample evidence in this record from which the trial court could determine that her in-court identification was based upon her personal observation of defendant while he was in her apartment. *Allen v. State* (1982), Ind., 439 N.E.2d 615.

## III.

■ Defendant claims the trial court erred in giving Final Instruction number 20:

> The exclusive possession of stolen property soon after a theft has been committed, if not explained to the satisfaction of the jury, may raise an inference that the person in possession of such stolen property is guilty of the theft charged. The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen, coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence.

This instruction is identical to one found reversible as fundamental error in *Underwood v. State* (1977), 174 Ind.App. 199, 367 N.E.2d 4. Similar instructions have been repeatedly condemned. *Arthur v. State* (1949), 227 Ind. 493, 86 N.E.2d 698; *Vaughn v. State* (1939), 215 Ind. 142, 19 N.E.2d 239; *Dedrick v. State* (1936), 210 Ind. 259, 2 N.E.2d 409; *Phillips v. State* (1979), 177 Ind.App. 10, 377 N.E.2d 666; *Abel v. State* (1975), 165 Ind.App. 664, 333 N.E.2d 848.

This line of precedent was avoided in *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381, wherein the majority approved an instruction advising a jury that unexplained exclusive possession of recently stolen property "may be considered, along with the other facts and circumstances of the case in determining the guilt or innocence of the accused." The instruction further cautioned that a conviction cannot be based on mere possession of stolen goods,

standing alone; that no presumption of guilt arises merely by reason of such exclusive possession; that the defendant has no burden to account for or explain his possession of goods; and that the burden of proving guilt beyond a reasonable doubt rests entirely upon the State.

In *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171, this Court chose to address an instruction which expressly authorized an inference of guilt from evidence of the unexplained exclusive possession of recently stolen property. Although not a part of the *ratio decidendi*, the lead opinion, written by Justice Prentice, expressed concern that the instruction may have contributed to the weight accorded to the evidence of defendant's possession, and observed:

> The inference, if any, to be drawn from a finding that the defendants were in possession of the stolen property lies in the exclusive province of the jury. As such, it is a matter of legitimate argument of counsel. Unquestionably, in most cases, such possession will logically weigh heavily, but its weight, nevertheless, will vary as the other evidence varies. An instruction as to what evidence warrants an inference of guilt clearly invades the jury's province....
>
> For the Court to point out specific evidence and to advise as to the inferences properly to be drawn or not to be drawn therefrom is as much a transgression as it is for it to intimate its evaluation of a particular witness' credibility.

*Id.* at 38, 366 N.E.2d at 1173–74. Justice DeBruler concurred, but separate opinions offered by Justice Hunter and Chief Justice Givan, with Justice Pivarnik concurring, indicate that a majority of the Court would have approved the instruction. To resolve any confusion generated by the multiple opinions in *Sansom*, this Court now expressly approves the views expressed in the lead opinion written by Justice Prentice, and we now reaffirm the precedential vitality of *Underwood* and the other progeny of *Dedrick*. We find that the giving of Final Instruction number 20 was error.

## IV.

However, this determination does not necessarily compel reversal. Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Stout v. State* (1985), Ind., 479 N.E.2d 563; *Battle v. State* (1981), 275 Ind. 70, 415 N.E.2d 39; *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348; *Pinkerton v. State* (1972), 258 Ind. 610, 283 N.E.2d 376; *Adams v. State* (1989), Ind.App., 539 N.E.2d 985; *Andrews v. State* (1988), Ind.App., 529 N.E.2d 360, *cert. denied* (1989), —— U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261.

In the present case, the fact that Renetta Boyd's apartment had been burglarized was undisputed. After locking her apartment door and going to work, she returned that evening to find the door halfway open with the lock broken off, lying on the floor. Her television, stereo, and video recorder were missing. Accomplice Burkstead testified regarding his role as a lookout in the burglary of Boyd's apartment. He explained that the defendant suggested the burglary and asked Burkstead to serve as a lookout. Burkstead also testified that he observed the defendant and accomplice Key inside the Boyd apartment and removing Boyd's television, stereo, and video recorder from the apartment. Burkstead saw the items loaded into his car, and he drove the defendant and Key to another location where they removed the stolen items. Burkstead's girlfriend and roommate testified regarding the visit of the defendant and Key to the apartment she shared with Burkstead. She saw the defendant removing objects from the apartment as Burkstead was standing at the entrance door of the apartment building.

The evidence of guilt in this case is analogous to that in *Stout v. State, supra,* wherein an accomplice provided direct testimony linking the defendant with the crime. In *Stout,* such evidence was held sufficient to render harmless a trial court instruction error. Likewise, the evidence in the present case is such as to render harmless the trial court's error in giving Final Instruction 20.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result without separate opinion.

PIVARNIK, J., not participating.