FILED

May 30 2019, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

James D. Crum
Coots Henke & Wheeler, PC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Alec N. Clark,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 30, 2019

Court of Appeals Case No.
19A-CR-54

Appeal from the Hamilton
Superior Court

The Honorable Gail Z. Bardach,
Judge

Trial Court Cause No.
29D06-1710-F6-7630

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Alec N. Clark (Clark), appeals his conviction for theft, a Level 6 felony, Ind. Code § 35-43-4-2(a).

We affirm.

# ISSUE

Clark raises one issue on appeal, which we restate as: Whether the State established by a preponderance of the evidence that proper venue is located in Hamilton County.

# FACTS AND PROCEDURAL HISTORY

On July 30, 2017, Clark and Kassie Werner (Werner), his fiancée, went to Runyon Equipment Rental, located in Carmel, Indiana, where Werner rented a commercial riding lawnmower. Werner signed the rental contract, paid for one day of rent, and drove off with the mower on a Runyon trailer. When Clark and Werner returned to their residence, they created an online advertisement to sell the mower. After securing a buyer, they executed the sale in Marion County, on a Meijer parking lot on the West side of Indianapolis.

About a month later, Runyon Equipment Rental reported the theft to the Carmel Police Department. After an investigation, police arrested Clark. On October 19, 2017, the State filed an Information, charging Clark with theft, a Level 6 felony. On August 30, 2018, the State amended the Information by filing an habitual offender enhancement. On November 27, 2018, during a

bifurcated trial in Hamilton County, the jury found Clark guilty as charged and the trial court dismissed the habitual offender Count on the State's motion. On December 31, 2018, the trial court sentenced Clark to 545 days executed, with 365 days of work release.

Clark now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION[1]

Not contesting the elements of the theft charge, Clark contends that his conviction should be overturned because the venue was improper. The right to be tried in the county in which an offense was committed is a constitutional and a statutory right. Ind. Const. Art. I, § 13; I.C. § 35-32-2-1. Except as otherwise provided by law, criminal actions are to be tried in the county where the offense was committed. I.C. § 35-32-2-1. "If a person committing an offense upon the person of another is located in one (1) county and the person's victim is located in another county at the time of the commission of the offense, the trial may be in either of the counties." I.C. § 35-32-2-1(b). Similarly, if the commission of an offense is commenced in one county and is consummated in another country, trial may be had in either of the counties. *Andrews v. State*, 529 N.E.2d 360, 363 (Ind. Ct. App. 1988), *reh'g denied, trans. denied*.

---

[1] Although we agree with the State that Clark waived the issue on appeal for failing to make an objection to the venue before the trial court, we elect to address the issue on its merits. *See Floyd v. State*, 503 N.E.2d 390, 393 (Ind. 1987) ("Many times this [c]ourt has held that a defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court.")

[8] Venue is not an element of the offense. *Alkhalidi v. State*, 753 N.E.2d 625, 628 (Ind. 2001). However, it is the State's burden to prove that the offenses charged occurred in the county identified in the charging information. *Bryant v. State*, 41 N.E.3d 1031, 1037 (Ind. Ct. App. 2015). Venue may be established by a preponderance of the evidence and need not be proven beyond a reasonable doubt. *Id*.

[9] Clark does not dispute that the lawnmower was rented in Hamilton County and later sold in Marion County, nor does he argue that venue for the crime cannot lie in multiples counties. Instead, Clark argues that because Werner had signed a rental agreement which authorized the use of the lawnmower for one day, the theft did not occur until one day later—when the authorized use had morphed into unauthorized—while the lawnmower was located in Marion County.

[10] In *Bryant*, the owner of a pawnshop located in Allen County purchased goods stolen from victims in Wells County. *Bryant*, 41 N.E.3d at 1034. Applying I.C. § 35-32-2-1(b), this court reasoned that "there is no requirement that Bryant knew that the victims were in Wells County, only that they were, in fact, located there." Finding no *mens rea* requirement in the statute, the court concluded that proper venue could be established in Wells County.

[11] Likewise, here, we find it immaterial whether Clark intended to exert unauthorized use over the lawnmower when the rental agreement was executed, only that the victim—Runyon Equipment Rental—was in fact

located in Hamilton County. Accordingly, as venue may be had in Hamilton County, we conclude that the State properly prosecuted Clark.

## CONCLUSION

Based on the foregoing, we hold that the State established by a preponderance of the evidence that proper venue is located in Hamilton County.

Affirmed.

Bailey, J. and Pyle, J. concur